**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**RYAN E. LACKEY**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jan 25 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY P. WAMUE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1106-CR-293 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1102-CM-890

**January 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Anthony P. Wamue appeals his conviction for Resisting Law Enforcement,[1] a class A misdemeanor. Wamue presents as the sole issue on appeal the sufficiency of the evidence supporting his conviction.

We affirm.

The facts favorable to the conviction are that around 4:30 in the morning on February 12, 2011, Fort Wayne Police Officer Jhormy Martinez responded to a dispatch concerning a suspicious person. A concerned citizen, a newspaper courier, had called police to warn of a man walking down the street acting erratically and appearing intoxicated. After speaking with the caller in person, Officer Martinez located a man, later identified as Wamue, walking down the road. Wamue fit the description provided by the caller, and he appeared to be stumbling and swaying back and forth.

Officer Martinez shined the spotlight from his police cruiser on Wamue and then exited his vehicle. He told Wamue that he needed to speak with him and not to run. As the officer approached, Wamue, of his own accord, put his hands in the air, dropped to his knees, and then began removing his coat. Officer Martinez patted Wamue down for officer safety, put the jacket back on him, and told him to stand up. While obtaining Wamue's identification, Officer Martinez observed many signs of intoxication, including an "overwhelming" smell of alcoholic beverage on Wamue's breath, incoherence, unstable balance, and red, watery, bloodshot eyes. *Transcript* at 63. Based upon these observations and other evasive behavior by Wamue, Officer Martinez decided to place him under arrest for public intoxication.

---

[1] Ind. Code Ann. § 35-44-3-3(a)(1) (West, Westlaw through 2011 1st Regular Sess.).

Officer Martinez told Wamue he was under arrest for public intoxication and requested him to turn around and put his hands behind his back. Wamue responded that he was not doing anything wrong. The officer again told Wamue to put his hands behind his back. Wamue still refused, and he reached out to touch Officer Martinez's shoulder and said, "Let me just talk to you, Officer". *Id* at 67. The officer declined and grabbed one of Wamue's arms in an attempt to turn him around and make him put his hands behind his back to get handcuffed. Wamue used his other arm to push Officer Martinez and then tried to pull away from his grasp. At that point, Officer Martinez took Wamue to the ground in an attempt to gain control of him. A powerful struggle ensued on the ground for several minutes, during which Wamue bit Officer Martinez and attempted to strike the officer with his free arm. Officer Martinez was eventually able to subdue and handcuff Wamue.

Once backup arrived on the scene, the officers attempted to move Wamue into a police vehicle. Wamue refused to cooperate and stiffened his body so that they could not get him inside without substantial force.

The State charged Wamue with class A misdemeanor resisting law enforcement and class B misdemeanor public intoxication. Following a jury trial, Wamue was convicted of resisting law enforcement and sentenced to 180 days in jail.

On appeal, Wamue contends that the State failed to present sufficient evidence to support his conviction. While Wamue acknowledges his resistance was not passive in nature, he argues that "his physical resistance did not meet the requisite force to sustain the conviction." *Appellant's Brief* at 5. Further, Wamue asks us to look only to his actions prior to being taken to the ground by Officer Martinez.

Our standard of review for challenges to the sufficiency of the evidence is well settled.

> When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State,* 881 N.E.2d 639, 652 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

*Bailey v. State,* 907 N.E.2d 1003, 1005 (Ind. 2009).

To prove that Wamue committed class A misdemeanor resisting law enforcement, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally forcibly resisted, obstructed, or interfered with a law enforcement officer while the officer was lawfully engaged in the execution of his duties. I.C. § 35-44-3-3(a)(1). Our Supreme Court has made clear that, pursuant to I.C. § 35-44-3-3, any action to resist, obstruct, or interfere must be done with force. *Spangler v. State*, 607 N.E.2d 720 (Ind. 1993). In the context of resisting law enforcement, our Supreme Court has defined "forcibly" as "when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." *Id.* at 723.

In *Small v. State*, 632 N.E.2d 779, 783 (Ind. Ct. App. 1994), *trans. denied*, this court held that the defendant "necessarily engaged in force" when he pulled away from a police officer's grasp. The court distinguished the facts from previous cases, noting that the defendant "did not merely refuse to be placed under arrest or simply walk away; rather, he used power and strength to evade the officer's attempt to effectuate a lawful arrest." *Id*. The court upheld the defendant's conviction for resisting law enforcement.

More recently, in *Johnson v. State*, 833 N.E.2d 516, 517 (Ind. Ct. App. 2005), a

4

defendant in custody "pushed away with his shoulders" when an officer attempted to search him. Further, when the officer tried to put the defendant into a police vehicle, the defendant "stiffened up" and the officer had to exert physical force to put the defendant in the car. *Id*. Our Supreme Court expressly approved of this court's conclusion in *Johnson* that the defendant's actions constituted sufficient forcible resistance to sustain a conviction for resisting law enforcement. *See Graham v. State*, 903 N.E.2d 963 (Ind. 2009). In *Graham*, the Court noted that the force involved "need not rise to the level of mayhem" and that "even 'stiffening' of one's arms when an officer grabs hold to position them for cuffing would suffice" to establish forcible resistance. *Id*. at 966.

In the instant case, the State presented ample evidence that Wamue used physical means to forcibly resist being handcuffed and placed into custody for public intoxication. He initially used force by pushing Officer Martinez with his free arm while simultaneously attempting to pull away from the officer's grasp when the officer was trying to handcuff him. We note that this occurred after Wamue had been asked twice by the officer to place his hands behind his back. It is of no matter that his forcible resistance may have been the result of him wanting to "question the basis for his arrest." *Appellant's Brief* at 6.

The force exerted by Wamue resulted in the officer taking him to the ground, where he again refused to comply with orders that he produce his hands for handcuffing. Instead, Wamue violently struggled with Officer Martinez for several minutes, flailing his free arm and even biting Officer Martinez. Ultimately, the officer was able to exert sufficient force to overcome Wamue's efforts. His forcible resistance, however, was not yet over. Once another officer arrived to assist, Wamue resisted efforts to place him in the police vehicle.

5

He stiffened his body and the officers had to use physical force to get him inside.

Wamue's conduct clearly establishes beyond a reasonable doubt that he forcibly resisted, obstructed, or interfered with Officer Martinez when the officer attempted to place him in handcuffs. Wamue's apparent claim that Officer Martinez somehow overreacted by taking him to the ground and that it was the officer who created the resistance simply a request that this court reweigh the evidence and reassess the credibility of the witnesses. This we will not do. The evidence presented is sufficient to sustain the conviction for resisting law enforcement.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.