**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Feb 06 2012, 8:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MERANDA WHITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1108-CR-687 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Deborah J. Shook, Master Commissioner
Cause No. 49F08-1012-CM-094752

**February 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Meranda White appeals her conviction for Class A misdemeanor resisting law enforcement. She argues that the evidence is insufficient to prove that she forcibly resisted. Concluding that the evidence is sufficient, we affirm.

## Facts and Procedural History

The evidence most favorable to the judgment shows that during the early morning hours of December 24, 2010, Indianapolis Metropolitan Police Department Officer Dustin Greathouse was dispatched to an apartment because of a domestic disturbance. When Officer Greathouse walked into the apartment building, he heard a lot of yelling and screaming coming from inside the apartment. He knocked on the door, and a female answered. Officer Greathouse went inside to speak with White's mother and sister. In the meantime Officer Kelley Frame arrived on the scene and spoke with White in the hallway. After Officer Greathouse's discussion with White's family, he decided to arrest White for "[c]ombative injury." Tr. p. 9.

Officer Greathouse handcuffed White behind her back and had her sit on the steps in the hallway. When Officer Frame began to search White, she "kept trying to stand up." *Id.* The officers told White to have a seat "for her safety and ours due to her violent nature." *Id.* Instead of allowing Office Frame to search her, White "was pulling away from her, not being real cooperative, [and] try[ing] to stand up." *Id.* at 10. This went on for "[s]everal minutes." *Id.* at 15. After White's repeated refusals to sit down, the officers finally forced her to sit down on the steps. At this point, White "leaned back on her back and started kicking at [Officer Greathouse] and kicking Officer Frame." *Id.* at

2

10. All the while White was screaming profanities. Although White did not strike Officer Greathouse while she was kicking, White did strike Officer Frame. *Id.* at 10-11. White kicked Officer Frame "more than five" times in her legs and "[o]nce in the head." *Id.* at 15-16. The kicking lasted for "at least a minute," at which point Officer Greathouse went to his car and got a nylon strap which he used to strap White's ankles to prevent her from kicking them. *Id.* at 11.

The State charged White with Class A misdemeanor resisting law enforcement. A bench trial was held. Both Officers Greathouse and Frame testified for the State. White testified in her own defense, explaining that she was angry at the time she was arrested because of the incident with her family. She claimed that she stood up only once and promptly sat back down when instructed. When asked if she "kicked at" the officers, White responded, "Absolutely not." *Id.* at 18. White explained that when the officers pulled her back, her foot hit the officer. *Id.* at 19. The trial court found White guilty as charged and sentenced her to 365 days with 351 days suspended and credit for time served. The trial court placed her on probation for 351 days.

White now appeals her conviction.

**Discussion and Decision**

White contends that the evidence is insufficient to support her conviction for Class A misdemeanor resisting law enforcement. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* When

confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quotation omitted). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Id.*

To convict White of Class A misdemeanor resisting law enforcement as charged here, the State had to prove that she knowingly or intentionally forcibly resisted, obstructed, or interfered with a law enforcement officer while the officer was lawfully engaged in the execution of his or her duties.[1] Appellant's App. p. 16; *see also* Ind. Code § 35-44-3-3(a)(1). White challenges only the sufficiency of the evidence on the force element.

The Indiana Supreme Court addressed the evidence needed to support the force element of resisting law enforcement in *Graham v. State*, 903 N.E.2d 963 (Ind. 2009). There, the Court cited one of its earlier opinions, *Spangler v. State*, 607 N.E.2d 720 (Ind. 1993), and explained that a person forcibly resists law enforcement when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties. *Id.* at 965 (citing *Spangler*, 607 N.E.2d at 723). The *Graham* Court

---

[1] We note that the charging information names only Officer Greathouse. The evidence shows that while White kicked at both officers, she struck only Officer Frame. When there is a single charge of resisting law enforcement, the State's error in naming an officer in the charging information is not fatal. *See Parahams v. State*, 908 N.E.2d 689, 693 (Ind. Ct. App. 2009). Moreover, White does not make much of this on appeal, instead arguing that "the evidence fails to show how [she] used force to resist Officer Greathouse *or* Officer Frame." Appellant's Br. p. 7 (emphasis added); *see also id.* at 4. Therefore, any error in the State's naming Officer Greathouse instead of Officer Frame in the charging information is of no consequence in this case.

4

noted that the force involved need not rise to the level of "mayhem." *Id.* It cited *Johnson v. State*, 833 N.E.2d 516 (Ind. Ct. App. 2005), with approval. In *Johnson*, when an officer attempted to search a defendant in custody, the defendant "turned away and pushed away with his shoulders" while cursing and yelling. *Id.* at 517. When officers attempted to place him into a transport vehicle, the defendant "stiffened up," and the officers had to physically place him inside. *Id.* The *Graham* Court noted that the Court of Appeals in *Johnson* correctly held that the defendant's actions constituted forcible resistance. *Graham*, 903 N.E.2d at 966.

The evidence most favorable to the judgment here shows that after White was handcuffed and told to sit down, she kept trying to stand up as Officer Frame attempted to search her. This went on for several minutes. After White's repeated refusals to sit down, the officers finally forced her to sit down on the steps. At this point, White leaned back and started kicking at Officer Greathouse and actually kicked Officer Frame. White kicked Officer Frame more than five times in her legs and once in her head. White was simultaneously screaming profanities. After a minute of kicking, Officer Greathouse strapped White's legs with a nylon strap.

On appeal, White would have us ignore these facts. Instead, she claims that "her foot *may* have extended as the officers [were] forcing her to sit down" but she "did not intentionally kick either officer during the encounter." Appellant's Br. p. 4 (emphasis added); *see also id.* at 9 ("White's actions of standing up from a sitting position and extending her legs when she leaned back did not meet the elements of forcibly resisting law enforcement by strong, powerful or violent means."). White is simply asking us to

5

reweigh the evidence and judge the credibility of the witnesses, which we will not do. Because the evidence shows that White kicked at Officer Greathouse and actually kicked Officer Frame at least six times, we conclude that the evidence is sufficient to prove that she forcibly resisted law enforcement. Because of the force used, all of the cases that White cites on appeal regarding passive resistance are readily distinguishable. We therefore affirm White's conviction for Class A misdemeanor resisting law enforcement.

Affirmed.

ROBB, C.J., and NAJAM, J., concur.