**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Mar 02 2012, 8:22 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEREK RUCKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1107-CR-349 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John Boyce, Judge Pro Tem
Cause No. 49F08-1011-CM-86614

**March 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Derek Rucker appeals his conviction Resisting Law Enforcement,[1] a class A misdemeanor, challenging the sufficiency of the evidence supporting the conviction as the sole issue on appeal.

We affirm.

The facts favorable to the conviction are that Ryan Farrell was a deputy for the Marion County Sheriff's Department who also worked as a security officer at the Primary Care Center (the PCC) of Wishard Hospital in Indianapolis. On November 15, 2010, Farrell and several other security officers were called to the PCC to investigate a complaint about Rucker. Deputy Farrell knew Rucker from previous encounters and knew that Rucker had been banned from the PCC. Several persons in the PCC informed Deputy Farrell that Rucker had been smoking marijuana in the facility. The deputy approached Rucker while he was inside the PCC and asked him if he had been smoking marijuana. Rucker responded "I ain't doing nothing motherf***er." *Transcript* at 19. Rucker began to yell and curse, use profanity, and direct racial slurs at the officers. The officers asked Rucker to quiet down several times, but without success. While this was occurring, there were "maybe thirteen, fourteen" people in the immediate vicinity at the time, who were "[s]taring and awe struck". *Id*. at 12. Because Rucker refused to calm down, Deputy Farrell placed him under arrest for trespass and disorderly conduct, handcuffed him, and led him outside to Deputy Farrell's squad car. After he was outside the PCC waiting room, Rucker disregarded the officers' instructions and continued to yell and use profanity, and he also "jerked away" from Deputy Farrell. *Id*. at 37. Marion County Special Deputy Henry Grant, another officer on the scene,

---

[1]  Ind. Code Ann. § 35-44-3-3 (West, Westlaw through end of 2011 1st Regular Sess.).

later stated that Rucker's actions interfered with the officers' investigation of the incident.

On November 16, 2010, the State charged Rucker with trespass and resisting law enforcement, both as class A misdemeanors, and disorderly conduct as a class B misdemeanor. Following a bench trial, he was found guilty of resisting law enforcement and disorderly conduct. Upon appeal, Rucker challenges only his conviction of resisting law enforcement.

Our standard of reviewing challenges to the sufficiency of the evidence supporting a criminal conviction is well settled.

> When reviewing a claim that the evidence introduced at trial was insufficient to support a conviction, we consider only the probative evidence and reasonable inferences that support the trial court's finding of guilt. We likewise consider conflicting evidence in the light most favorable to the trial court's finding. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. Instead, we will affirm the conviction unless no reasonable trier of fact could have found the elements of the crime beyond a reasonable doubt.

*Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). When considering a challenge to the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. *Turner v. State*, 953 N.E.2d 1039 (Ind. 2011).

Rucker contends that the evidence was not sufficient to prove the "forcibly" element set out in I.C. § 35-44-3-3(a)(1), which provides, "A person who knowingly or intentionally ... forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties ... commits resisting law enforcement, a Class A misdemeanor[.]" With respect to I.C. § 35-44-3-3, this court has stated:

3

the term "forcibly" modifies "resists, obstructs, or interferes." *Spangler v. State,* 607 N.E.2d 720, 723 (Ind. 1993). Thus, the word "forcibly" is a word descriptive of the type of resistance proscribed by law, and "[r]esistance, obstruction, or interference with force is the action the statute addresses." *Id.* One "forcibly resists" law enforcement when "strong, powerful, violent means are used to evade a law enforcement officials rightful exercise of duties." *Id.* However, the force necessary to sustain a conviction need not rise to the level of mayhem, and our supreme court has acknowledged that a "modest level of resistance" may suffice. *Graham v. State,* 903 N.E.2d 963, 965 (Ind. 2009) (citing *Johnson v. State,* 833 N.E.2d 516, 517 (Ind. Ct. App. 2005)).

*Stansberry v. State*, 954 N.E.2d 507, 510-11 (Ind. Ct. App. 2011). Our Supreme Court has

further refined the meaning of "forcibly" in this context:

The force involved need not rise to the level of mayhem. In *Johnson v. State,* 833 N.E.2d 516, 517 (Ind. Ct. App. 2005), a defendant in custody "pushed away with his shoulders while cursing and yelling" when the officer attempted to search him. As officers attempted to put him into a police vehicle, Johnson "stiffened up" and the police had to get physical in order to put him inside. *Id.* The Court of Appeals correctly held that Johnson's actions constituted forcible resistance.

*Graham v. State*, 903 N.E.2d 963, 965-66 (Ind. 2009).

Rucker's argument with respect to the adequacy of the evidence proving the element

of "forcibly" is most clearly reflected in rhetorical questions posed near the conclusion of his

appellate brief, i.e.:

If a person, in custody, "slows down and speeds up" while being walked to a patrol car or police wagon, it [sic] that behavior a forcible resist [sic]? If an individual is truly injured to an extent that his arm or neck is tender, is it "forcible" when that person winces in pain and attempts to turn?

*Appellant's Brief* at 9. These questions assume a certain set of facts and the inferences drawn

therefrom. "[S]lows down and speeds up" alludes to the testimony of Officer Travis Steele,

another special deputy at Wishard Hospital. He testified that, as they were escorting Rucker

to the police wagon, "He----he continued I believe to try to jerk away from us, speed up, slow

4

down as we were walking." *Transcript* at 44.  Thus, there is evidence to support the claim that Rucker merely sped up and slowed down during the twenty-foot walk to the waiting police vehicle.  Those were not Rucker's only actions, however.

We note that Farrell arrested, handcuffed, and escorted Rucker to the car because Rucker initially refused to comply with the officer's requests that Rucker calm down and stop yelling.  Deputy Farrell testified that as he escorted Rucker to the car, Rucker "pulled away forcefully from me to get away from me." *Id*. at 12.  Officer Barry Palencer similarly testified that Rucker during this time "attempted to pull away from Officer Farrell." *Id*. at 28.  Officer Grant testified that Rucker "jerked away from Officer Farrell" as they neared the police car, requiring the officer to place Rucker "forcibly against the back of the car." *Id*. at 37.  Several officers testified that Rucker's actions impeded the performance of their law enforcement duties at the scene.

These facts are strikingly similar to those in *Johnson v. State,* 833 N.E.2d at 517, i.e., the defendant, while in custody, "pushed away with his shoulders while cursing and yelling", which our Supreme Court indicated established the element of force under I.C. § 35-44-3-3. *See Graham v. State*, 903 N.E.2d 963.  We therefore conclude that the facts in the instant case are sufficient to establish the element of force.  In so holding, we are mindful of Rucker's claim that his physical actions while in custody on the day in question were reactions to ostensibly rough treatment by the officers at a time that he was experiencing pain as a result of a shoulder injury.  It was the trial court's task to resolve factually disputed matters and the inferences to be drawn therefrom, such as what Rucker did and why he did it, and we will not invade its province in this regard.

5

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.