**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**




ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RHONDA JOHNSON,

Appellant-Defendant,

vs.

STATE OF INDIANA,

Appellee-Plaintiff.

No. 49A02-1210-CR-816

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese Flowers, Commissioner
Cause No. 49F19-1204-CM-23332

**May 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Rhonda Johnson appeals her conviction for resisting law enforcement, as a Class A misdemeanor, following a jury trial. She presents a single issue for our review, namely, whether the State presented sufficient evidence to support her conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 8, 2012, officers with the Indianapolis Metropolitan Police Department were dispatched to investigate a disturbance at 1528 Edgemont Avenue. The dispatcher advised the officers that the disturbance involved a firearm and possibly a knife. Four officers dressed in full uniform and driving two marked police vehicles arrived at the scene, where they found two armed men arguing with a woman in the backyard of the residence. The two men ultimately identified themselves and explained that they had been hired to repossess Johnson's car, which was parked nearby. Johnson explained to the officers that "the guys were there harassing her, wanting to take the car, and they had guns and she didn't know who they were." Transcript at 97.

Johnson identified herself as Crystal Johnson to the police officers, but the officers ran that name through their in-car computer and determined that that was not Johnson's real first name. Johnson insisted that her name was Crystal after repeated questions about her identity. Finally, one of the officers saw a photo identification tag hanging on the rearview mirror in Johnson's car, but before he could get a good look at it, Johnson got in the car, hid the ID tag out of view, exited the car, and locked the door. Johnson then told the officers that she would retrieve her identification from inside the residence. The

officers agreed, but insisted that they go with her into the house. Johnson refused the officers entry and began arguing with them.

As Johnson and three officers stood at the top of a stairway leading to the residence, Officer Brian Harvey instructed Officer Nathan Lehman to place Johnson in handcuffs and arrest her for identity deception. Officer Lehman then grabbed Johnson's right wrist and told her that she was under arrest, but Johnson tried to pull her hand away from Officer Lehman. A "kind of tug of war" ensued, and Johnson backed up to the threshold of the door to the house and tried to pull herself into the doorway. Transcript at 103. Officer Bernardo Zavalza then grabbed Johnson's left wrist and pulled it off of the door frame. Johnson then squatted down and leaned backwards trying to get away from the officers. The officers instructed Johnson to stop resisting their attempts to place her in handcuffs, but she persisted in the "tug of war." Id. at 104. At some point, Johnson's feet slipped off of the threshold and she, Officer Lehman, and Officer Zavalza tumbled down the stairs to the ground.

Once on the ground, the officers continued to struggle to get Johnson in handcuffs. The officers instructed Johnson five or six times to stop resisting so that they could place her in handcuffs. Johnson was face down on the ground, and she was holding her arms underneath her. As Officer Lehman tried to get her hands behind her back, she continued to pull them away and pin them underneath her body. Johnson was also pushing her body up from the ground using one arm at a time. Officer Lehman described Johnson as "trying to get up, she was trying to move back, she was trying to push [Officer Lehman] off of her, she was trying to get her arms free. She didn't want to be in handcuffs." Id. at

132. The officers finally succeeded in placing handcuffs on Johnson and took her into custody.

The State charged Johnson with resisting law enforcement. A jury found her guilty as charged, and the trial court entered judgment and sentence accordingly. This appeal ensued.

## DISCUSSION AND DECISION

Johnson contends that the evidence is insufficient to support her conviction. When reviewing the claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

To prove resisting law enforcement, as a Class A misdemeanor, the State was required to prove that Johnson knowingly and forcibly resisted, obstructed, or interfered with the police officers while said officers were lawfully engaged in the execution of their duties as law enforcement officers. See Ind. Code §35-44-3-3. On appeal, Johnson maintains that the evidence is insufficient to show that she forcibly resisted the officers. We cannot agree.

In Spangler v. State, 607 N.E.2d 720 (Ind. 1993), our supreme court examined the elements of the crime of resisting law enforcement. As the court recently explained in Graham v. State, 903 N.E.2d 963, 965 (Ind. 2009):

> [In Spangler,] Justice DeBruler noted that the word "forcibly" modifies "resists, obstructs, or interferes" and that force is an element of the offense. He explained that one "forcibly resists" when "strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." Spangler had refused to accept service of process from an officer, walking away from the officer in the face of demands that he accept a protective order. [The Supreme] Court held that such action was resistance to authority but not "forcible" resistance. "It is error as a matter of law to conclude . . . that 'forcibly resists' includes all actions that are not passive." Spangler's conviction was reversed.

And our supreme court explained that

> [t]he force involved need not rise to the level of mayhem. In Johnson v. State, 833 N.E.2d 516, 517 (Ind. Ct. App. 2005), a defendant in custody "pushed away with his shoulders while cursing and yelling" when the officer attempted to search him. As officers attempted to put him into a police vehicle, Johnson "stiffened up" and the police had to get physical in order to put him inside. The Court of Appeals correctly held that Johnson's actions constituted forcible resistance.

Id. at 965-66.

Here, as the officers struggled with Johnson to place her in handcuffs, she: repeatedly "pulled away" from the officers; squatted down and leaned away from them; used her "force and weight" in an effort to get away from them; engaged in a sort of "tug of war" that led to her and two officers falling down a stairway to the ground; and "stiffen[ed]" her arms and kept them "curled up" underneath her while she was lying face down on the ground and resisting the officers' attempts to place handcuffs on her. Transcript at 61, 106, 128-29. Johnson's contentions on appeal amount to a request that we reweigh the evidence, which we will not do.[1] The evidence is sufficient to show that

[1] To the extent Johnson contends that the officers used "unlawful force to arrest [her] for a nonexistent crime," it is well settled that "a citizen may not use force to resist a peaceful arrest by an individual he knows, or has reason to know, is a police officer performing his duties regardless of whether the arrest in question is lawful or unlawful." See Perez v. State, 981 N.E.2d 1242, 1250 (Ind. Ct. App. 2013). Here, the officers were in full uniform and drove marked police vehicles, and Johnson makes no

Johnson forcibly resisted the officers and, therefore, is sufficient to support Johnson's conviction for resisting law enforcement. See Johnson, 833 N.E.2d at 517 (holding evidence sufficient to support resisting law enforcement conviction where defendant pushed officers away using his shoulders and "stiffened up" in his struggle with officers).

Affirmed.

BAILEY, J., and BARNES, J., concur.

---

contention that she did not know they were police officers performing their duties at the time of her arrest. Further, Johnson's bald assertion that the officers "used excessive and outrageous force" against her is not supported by the evidence. Brief of Appellant at 15.