**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARIE CASTETTER**
Foley & Abbott
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CRAIG HOOG, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A05-1308-CR-392 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Annie Christ Garcia, Judge
Cause No. 49F24-1212-FD-86267

**March 6, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

A person forcibly resists law enforcement when he uses strong, powerful, or violent means to impede an officer in the lawful execution of the officer's duties. Recently, in *Walker v. State*, 998 N.E.2d 724 (Ind. 2013), our Supreme Court clarified that not every passive—or even active—response to an officer amounts to resisting law enforcement, even when that response requires an officer to use force. In this case, although Craig Hoog refused to follow an officer's instructions, there was no evidence that Hoog used even a modest exertion of strength, power, or violence to resist the officer. We therefore reverse his conviction for resisting law enforcement, but affirm his conviction for failure to stop after an accident resulting in property damage. We affirm in part and reverse in part.

**Facts and Procedural History**

On Christmas Day 2012, Brandon Bachman traveled to Indianapolis to visit family members. He parked his car on a residential street. Around 5:00 p.m., he came outside and noticed a truck "resting up against" his car. Tr. p. 10. The front of the truck was touching the front of Brandon's car, and he noticed cracks on his car's bumper and grill.

Brandon approached the truck. The engine was running, and the windows were rolled up. Brandon looked inside and saw the driver, Hoog. Brandon asked Hoog if he was okay. Hoog stared at Brandon without responding. Brandon again asked Hoog if he was okay, but Hoog did not reply. Brandon then opened the driver's-side door and inquired for a third time if Hoog was okay. When he got no response, Brandon went to get help.

2

When Brandon returned to the truck with one of his cousins, Hoog suddenly "floored it backwards," almost hitting a car behind him, and sped away. *Id.* at 14. Brandon called the police.

Indianapolis Metropolitan Police Department Officer Charles Parker was dispatched to Brandon's location. While Officer Parker was speaking with Brandon and noting the damage to his car, Hoog's truck appeared, coming toward the men. Officer Parker stepped into the street and waved his arms to get Hoog's attention. *Id.* at 40. As the truck drove closer, Officer Parker yelled loudly for Hoog to stop, and as the truck slowly passed him, Officer Parker knocked on the driver's-side window and told Hoog to stop. *Id.* Despite the officer's instructions to stop, Hoog passed the men and turned down a side street. *Id.* at 41-42.

Officer Parker followed Hoog in his patrol car, ultimately locating him in a nearby alley. Hoog was standing near his truck when Officer Parker approached him. Officer Parker recognized Hoog as the driver of the truck who ignored his instructions to stop. Officer Parker asked Hoog why he did not stop, and Hoog said that he did not think Officer Parker was a police officer. *Id.* at 44. Officer Parker told Hoog he was under arrest and instructed Hoog to turn around and put his hands behind his back. *Id.* at 45. At trial, Officer Parker described what happened next:

> THE STATE: Okay, now you said you asked [Hoog] to turn around and place his hands behind his back. Did he actually do both of those things?
>
> OFFICER PARKER: He turned around[,] he didn't place his hands behind his back but I tried to cuff him but that's when he had like dashed into the passenger side of his [truck].

3

* * * * *

THE STATE: Okay, and you said that you believe he tried to get into the passenger side of his truck?

OFFICER PARKER: He didn't try[,] he actually was halfway in the [truck] and that's when I grabbed him and started pulling him out of the [truck].

* * * * *

THE STATE: And you said you actually had to physically remove him from the truck?

OFFICER PARKER: Correct.

THE STATE: How did you do that?

OFFICER PARKER: I began pulling on him [bec]ause I thought he was actually going in to get a gun so I was pulling him out of the [truck] to get him out and I was basically just telling him to stop and letting him know he didn't want to do that.

THE STATE: And did he—when you were pulling on him did he come out of the truck willingly?

OFFICER PARKER: Naw [sic], I pulled him out of the truck.

* * * * *

THE STATE: How long would you say it took for you to successfully get [Hoog] in handcuffs?

OFFICER PARKER: After I pulled him out maybe a couple of seconds. He—after he was pulled out [of the truck] he complied.

THE STATE: Okay, how long did it take you to pull him out?

OFFICER PARKER: A second or two.

4

| THE STATE: | Was [Hoog] trying to stop you from pulling him out of the vehicle? |
|---|---|
| OFFICER PARKER: | He was halfway in so I can't say that he was trying to stop me but his weight was in the [truck] so I was pulling to get him out. He didn't like stand up and help me pull him out. |

*Id.* at 46-47.

After his arrest, the State charged Hoog with: Count I, Class D felony resisting law enforcement (fleeing from Officer Parker); Count II: Class A misdemeanor resisting law enforcement (forcibly resisting Officer Parker); and Count III: Class C misdemeanor failure to stop after an accident resulting in property damage. Appellant's App. p. 13-15. After a bench trial, Hoog was found guilty of Counts II and III only. The trial court sentenced Hoog to 365 days in the Marion County Jail with 357 days suspended.

Hoog now appeals.

**Discussion and Decision**

Hoog challenges the sufficiency of the evidence underlying his convictions for resisting law enforcement and failure to stop after an accident resulting in property damage.

When reviewing a conviction for sufficiency of the evidence, we do not reweigh evidence or reassess the credibility of witnesses. *Walker*, 998 N.E.2d at 726 (citing *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012)). "We view all evidence and reasonable inferences drawn therefrom in a light most favorable to the conviction, and will affirm 'if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a

reasonable doubt.'" *Id.* (citing *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004) and *Bailey*, 979 N.E.2d at 135).

## I. Resisting Law Enforcement

Hoog contends that the evidence is insufficient to support his conviction for resisting law enforcement because his actions did not constitute forcible resistance.[1]

A person commits the crime of resisting law enforcement when he or she "knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer . . . while the officer is lawfully engaged in the execution of the officer's duties." Ind. Code § 35-44.1-3-1(a)(1).

Recently, in *Walker v. State*, our Supreme Court discussed the forcible-resistance requirement, explaining that:

> *[N]ot every passive—or even active—response to a police officer constitutes the offense of resisting law enforcement, even when that response compels the officer to use force.* Instead, a person "forcibly" resists, obstructs, or interferes with a police officer when he or she uses strong, powerful, violent means to impede an officer in the lawful execution of his or her duties. But this should not be understood as requiring an overwhelming or extreme level of force. *The element may be satisfied with even a modest exertion of strength, power, or violence.*

998 N.E.2d at 727 (emphases added). The Court ultimately affirmed Walker's conviction for resisting law enforcement. In doing so, the Court responded to Walker's argument that he had not used strong, powerful means to resist:

> Walker argues that his refusal to lay down on the ground, and the fact that [the officer] had to use force to eventually get Walker on the ground, does not in and of itself, prove any forcible action on Walker's part. He also argues that simply walking toward [the officer], in and of itself, does not constitute the use of strong, powerful means to resist law enforcement. He

---

[1] Hoog also claims that he did not knowingly or intentionally resist Officer Parker. Because we conclude that his actions did not constitute forcible resistance, we need not address this claim.

is correct on both points, *and if those were the only actions Walker had taken (or refused to take), this might be a different case.*[2]

*Id.* at 728-29 (emphasis added).

Here, Officer Parker had to use force to arrest Hoog. But at no point—based on the officer's own testimony—did Hoog use force (such as stiffening his body or arms) to resist Officer Parker. And although Hoog tried to flee Officer Parker by jumping into his truck, Hoog was charged with misdemeanor resisting law enforcement for forcibly resisting, not fleeing.

As explained in *Walker*, "not every passive—or even active—response to a police officer constitutes the offense of resisting law enforcement, even when that response compels the officer to use force." 998 N.E.2d at 727. Here, although Hoog refused to follow Officer Parker's instructions, there is simply no evidence that Hoog used even a modest exertion of strength or power to resist the officer. We therefore reverse his conviction for resisting law enforcement. *Compare Colvin v. State*, 916 N.E.2d 306, 309 (Ind. Ct. App. 2009) (defendant did not act forcibly where he refused an order to remove his hands from his pockets and had to be taken physically to the ground by an officer), *trans. denied*, *and A.C. v. State*, 929 N.E.2d 907, 911-12 (Ind. Ct. App. 2010) (juvenile did not act forcibly when he refused to stand when asked and leaned away from an officer) *with Johnson v. State*, 833 N.E.2d 516, 518-19 (Ind. Ct. App. 2005) (defendant used forcible resistance where he turned and pushed away from officers as they attempted to search him and stiffened up as they put him in a transport vehicle).

---

[2] Walker also displayed a weapon—his fists—in his interaction with law enforcement, which the Court concluded was "sufficient to show an active threat of strength, violence, or power." 998 N.E.2d at 729.

## II. Failure to Stop

Hoog also argues that the evidence is insufficient to support his conviction for failure to stop after an accident resulting in property damage.

Indiana Code section 9-26-1-2 requires a driver who has been involved in an accident that does not involve bodily injury or death but does involve property damage to immediately stop at the scene of the accident or as close to the accident as possible without unnecessarily obstructing traffic. In addition to stopping at or near the scene of the accident, the driver has a number of other responsibilities, including providing his or her personal information and proof of financial responsibility. *See* Ind. Code § 9-26-1-2(2)(A)-(D).

Hoog argues that there is insufficient evidence that he drove the truck that damaged Brandon's car and left the scene. But Brandon identified Hoog as the driver of the truck. And Brandon saw Hoog at close range inside the truck that was "resting up against" his car with the engine running. Brandon called to Hoog through the driver's side window and then opened the driver's-side door of the truck to ask Hoog if he was okay, but got no response. When Brandon returned with help, he saw Hoog speed away and turn down a side street. "It is well established that the testimony of a single eye witness is sufficient to sustain a conviction." *Brasher v. State*, 746 N.E.2d 71, 72 (Ind. 2001). Hoog's claims regarding sufficiency—including his argument that Brandon ultimately identified him from far away and that his sister's testimony implied he was at another location when Brandon's car was damaged—amount to an invitation to reweigh the evidence, which we may not do.

Affirmed in part and reversed in part.

RILEY, J., and MAY, J., concur.