# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 22 2016, 6:11 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Mark A. Bates<br>Schererville, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>James B. Martin<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Manuel Ocasio, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 22, 2016<br><br>Court of Appeals Case No.<br>45A03-1507-CR-893<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Jesse M. Villalpando, Judge<br><br>Trial Court Cause No.<br>45D12-1204-CM-419 |

**Robb, Judge.**

# Case Summary and Issues

[1] Manuel Ocasio, Jr., appeals the denial of his petition for post-conviction relief, raising the following restated issue: whether Ocasio received ineffective assistance of trial counsel. Concluding Ocasio did not receive ineffective assistance of counsel, we affirm.

# Facts and Procedural History

[2] On April 20, 2012, Ocasio was charged with resisting law enforcement, a Class A misdemeanor; battery on a law enforcement officer, a Class A misdemeanor; failure to yield to an emergency vehicle, an infraction; and operating a truck in a restricted lane, an infraction. A jury trial was held on August 9, 2013. The jury found Ocasio guilty of resisting law enforcement and not guilty of the remaining charges. The trial court declined to enter judgment of conviction, however, because it realized the jury was not instructed on the elements of each offense.

[3] During a brief recess, Ocasio agreed to plead guilty to resisting law enforcement under the terms of a plea agreement the State offered prior to trial. The plea agreement provided Ocasio would plead guilty to resisting law enforcement in exchange for the State dismissing the remaining charges, and that Ocasio would serve 365 days suspended to probation. Ocasio signed the plea agreement and a waiver of rights form, and the parties stipulated that the facts recited in the probable cause affidavits provided a sufficient factual basis for the guilty plea.

The trial court accepted the plea and entered judgment of conviction for resisting law enforcement.

[4] On October 30, 2014, Ocasio filed a petition for post-conviction relief. Following an evidentiary hearing, the post-conviction court denied Ocasio's petition. This appeal followed.

# Discussion and Decision

## I. Standard of Review

[5] Post-conviction proceedings "provide a narrow remedy to raise issues that were not known at the time of the original trial or were unavailable on direct appeal." *Garrett v. State*, 992 N.E.2d 710, 718 (Ind. 2013). The petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). A petitioner who is denied post-conviction relief appeals from a negative judgment, which may be reversed only if "the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision." *Wilkes v. State*, 984 N.E.2d 1236, 1240 (Ind. 2013) (citation omitted).

[6] In reviewing a denial of post-conviction relief, we neither reweigh the evidence nor assess the credibility of witnesses. *State v. Holmes*, 728 N.E.2d 164, 169 (Ind. 2000), *cert. denied*, 532 U.S. 1067 (2001). We consider only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *Id.* We accept the post-conviction court's factual findings unless

clearly erroneous, but we do not defer to its legal conclusions. *Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002) (citing Ind. Trial Rule 52(A)), *cert. denied*, 540 U.S. 830 (2003).

## II. Ineffective Assistance of Counsel

[7] Ocasio contends the post-conviction court erred in denying his petition for post-conviction relief, which alleged he received ineffective assistance of trial counsel. The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). To establish a claim of ineffective assistance of counsel, a petitioner must demonstrate (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Id.* at 687. Counsel's performance was deficient if it fell below an objective standard of reasonableness based on prevailing professional norms. *Id.* at 688.

[8] As for the prejudice prong, there are two types of ineffective assistance claims available to a defendant who pleaded guilty: "(1) failure to advise the defendant on an issue that impairs or overlooks a defense and (2) an incorrect advisement of penal consequences." *Manzano v. State*, 12 N.E.3d 321, 326 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*, *cert. denied*, 135 S. Ct. 2376 (2015). Where a petitioner claims counsel provided incorrect advice regarding penal consequences, the petitioner must show "a reasonable probability that the

hypothetical reasonable defendant would have elected to go to trial if properly advised." *Segura v. State*, 749 N.E.2d 496, 507 (Ind. 2001).

[9] Ocasio argues counsel rendered ineffective assistance by (1) providing incorrect legal advice regarding whether Ocasio could be retried on all the charges if he did not plead guilty, and (2) stipulating that the facts recited in the probable cause affidavits constituted a sufficient factual basis for the charge of resisting law enforcement.[1]

[10] At the hearing on Ocasio's petition for post-conviction relief, several witnesses testified counsel advised Ocasio that he would be retried on all the charges if he did not plead guilty. Ocasio contends this advice was erroneous because double jeopardy precluded retrial on the battery charge and the infractions. He further contends he would have elected to go to trial if he had been properly advised. Indiana Code section 35-41-4-3(a) provides in relevant part,

> A prosecution is barred if there was a former prosecution of the defendant based on the same facts and for commission of the same offense and if:
>> (1) the former prosecution resulted in an acquittal or a conviction of the defendant . . . ; or
>> (2) the former prosecution was terminated after the jury

---

[1] Ocasio also argues counsel was ineffective by failing to recognize that the trial court did not advise Ocasio of the penalty range for each charge. *See* Ind. Code § 35-35-1-2(a)(3) ("The court shall not accept a plea of guilty . . . without first determining that the defendant . . . has been informed of the maximum possible sentence and minimum sentence for the crime charged . . . ."). This claim is unavailable, however, because Ocasio did not raise the issue in his petition for post-conviction relief. P-C.R. 1(8) (stating all grounds for relief must be raised in the original petition for post-conviction relief); *Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001) ("Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal."), *cert. denied*, 535 U.S. 1061 (2002).

was impaneled and sworn . . . unless . . . (iii) there was a legal defect in the proceedings that would make any judgment entered upon a verdict reversible as a matter of law . . . .

[11] Here, the trial court declined to enter judgment of conviction because the trial court realized the jury was not instructed on the elements of each offense. As we have previously stated,

> [T]he giving of an instruction detailing the elements of [the] offense . . . is necessary procedure in a criminal trial. [W]e have no doubt a total failure to give an instruction detailing the elements of the offense would be available as reversible error on appeal absent compliance with the contemporaneous objection requirement.

*Taylor v. State*, 922 N.E.2d 710, 718 (Ind. Ct. App. 2010) (emphasis omitted) (quoting *Lacy v. State*, 438 N.E.2d 968, 971 (Ind. 1982)), *trans. denied*. Although jeopardy typically attaches once the jury is impaneled and sworn, the grave omission in this case constituted "a legal defect in the proceedings that would make any judgment entered upon a verdict reversible as a matter of law . . . ." Ind. Code § 35-41-4-3(a)(2). As a result, the State could have retried Ocasio on all the charges. Because counsel did not provide incorrect legal advice in this regard, the post-conviction court properly denied relief on this claim.

[12] As to the factual basis for the resisting law enforcement charge, the record includes two probable cause affidavits. A document titled "Information" includes the following account,

[W]hile on regular patrol I observed a white 2001 freightliner south bound I-65 in the left lane . . . with no vehicles in the right lane. I pulled out of the crossover and caught up to the vehicle . . . and activated my emergency lights. The driver continued south on 65 at normal highway speed and turned on his right signal. Still not yielding, at the beginning of the south bound scale ramp I activated my siren and pulled next to the cab. The driver then pulled to the outer berm and finally came to a stop. I approached the driver's door and climb[ed] up. Initially the driver wanted to argue, then somewhat cooperated by presenting his Indiana CDL, then refused to cooperate anymore and called 911. I stepped down from the truck instructing the driver to step out and he attempted to close the door. I stopped the door from closing and I climbed back up onto the driver's side and the driver turned in towards the sleeper and began reaching towards the back. I ordered him to turn around and show me his hands; he refused. I again ordered him to turn around and show me his hands[. A]s I attempted to turn . . . to see his hands . . . he threw his shoulder back and went further into the sleeper. I immediately followed. The driver began throwing left elbows striking me in the head and I disengaged while he went deeper into his sleeper berth as I ordered him out again. I pulled my chemical agent, aimed for his face, and sprayed. He immediately began thrashing around the truck, came back to the drivers area and attempted to close the door with me in between the door and door jam. I again ordered him out of the truck and sprayed again as he swung and kicked towards me. [Another officer] arrived on scene and the driver finally exited the truck and became combative again as we attempted to handcuff him.

Appendix at 11. A document titled "Probable Cause Affidavit" alleges Ocasio "resisted, obstructed, or interfered by refusing to comply with orders to exit the truck, attempt[ing] to lock himself in his cab, and attempt[ing] to retreat into his sleeper berth . . . ." *Id.* at 12.

[13]    We conclude the facts recited in the probable cause affidavits provided a sufficient factual basis for the guilty plea. Indiana Code section 35-44-3-3(a)(1) (2011) provides, "A person who knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer . . . while the officer is lawfully engaged in the execution of the officer's duties . . . commits resisting law enforcement . . . ." In this case, the probable cause affidavits state Ocasio argued with the officer, refused to comply with the officer's orders to exit the lawfully stopped vehicle, attempted to lock himself in the truck cab, elbowed the officer, continued to flail after the officer sprayed a chemical agent, and then fought being handcuffed. These facts comprise a sufficient factual basis for the charge of resisting law enforcement. *See, e.g., Johnson v. State*, 833 N.E.2d 516, 516-17 (Ind. Ct. App. 2005) (holding a defendant who complied with an officer's order to exit his vehicle and then allowed the officer to handcuff him forcibly resisted by "push[ing] away with his shoulders while cursing and yelling" when the officer attempted to search him and by "stiffen[ing] up" when the officer attempted to place him into a police vehicle).[2] Accordingly, counsel was not ineffective by stipulating to the factual basis, and the post-conviction court properly denied relief on this claim.

---

[2] Ocasio contends any of the facts that may have supported a conviction for battery on a law enforcement officer cannot be considered because the jury found Ocasio not guilty on that charge. Given our conclusion that jeopardy did not attach during the trial, we disagree.

# Conclusion

Ocasio did not receive ineffective assistance of trial counsel. We therefore affirm the post-conviction court's denial of post-conviction relief.

Affirmed.

Barnes, J., and Altice, J., concur.