ATTORNEYS FOR APPELLANT

Donald Dickherber
Columbus, Indiana

Joel Schumm
Indianapolis, Indiana

Jonathan Bont
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Crawfordsville, Indiana



# In the
# Indiana Supreme Court

No. 03S04-0809-CR-00507

JEFFREY A. GRAHAM,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Bartholomew Superior Court I, No. 03D01-0512-FD-02059

The Honorable Chris D. Monroe, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 03A04-0712-CR-00668

**April 8, 2009**

**Shepard, Chief Justice.**

Appellant Jeffrey A. Graham was found guilty of criminal recklessness, criminal mischief, and forcibly resisting arrest as the result of a neighborhood confrontation in which he used a shotgun against another citizen and could only be brought to heel with help from the SWAT team. We affirm his convictions and sentence, except as respects the misdemeanor of

1

resisting. The evidence on that count demonstrates obnoxious disrespect for authority, but not the use of any force by Graham, which is what the Indiana Code requires.

**Facts and Procedural History**

On the evening of December 14, 2005, Adam Sharp went looking for Graham at the latter's home in Columbus, Indiana. Graham had been in an altercation with Sharp's mother, striking her with a bicycle and punching her multiple times. (Tr. 392-94.) Sharp drove past Graham's home several times. Graham testified that he exited his house to confront Sharp, at which point Sharp tried to run him over with the vehicle. (Tr. 394-96.) Graham returned inside and came back out with a loaded twelve-gauge shotgun. (Tr. 204, 396- 97.) Graham hid behind a tree until Sharp drove past once more, at which point he stepped out from behind the tree, opened the car door, shouted, "I got you now, you son of a bitch," leveled his shotgun, and opened fire. (Tr. 142-43, 209-10, 367.) Fortunately, Sharp avoided being shot, but the blasts did damage to his car before Sharp could drive away.

After this escape, Sharp reported the incident to the Columbus Police Department. Officers went to Graham's house and knocked, but Graham did not respond. Officers on the scene called the SWAT team, which persuaded Graham to come out on the porch, though Graham announced to the negotiator that he was ready to come out and "get it on." (Tr. 319.) Graham yelled obscenities from the porch and refused requests that he put his hands up. When Graham turned around to go back inside, the officers were concerned that he might be going after the shotgun and decided to fire "bean bag" rounds at Graham's legs to bring him down. (Tr. 321, 324, 407.) It took several discharges to do so.

The officers carried Graham down off the porch and ordered him to present his arms for cuffing, which Graham refused to do. (Tr. 281.) Detective William Howell described what happened this way: "I could hear them yelling at him give us your hands, give us your hands. He still resisted to give, not to give the hands. The idea is to put the hands behind the back in

2

handcuffs.   And I could hear them yelling at him to give, to give us your hands, give us your hands.   He was still not complying even after physically being taken into custody.   He was handcuffed at that point." (Tr. 281.)  The only SWAT team officer who testified at trial, Angela Maddox, said:  "He was then…we stepped him off the porch and then proned him out, belly down on the ground and, and then put his arms behind his back and handcuffed him."  (Tr. 324.)  Asked whether Graham was cooperating with the officers who were trying to cuff him, she said, "It appeared so.  I did not go hands on."  (Tr. 324-25.)

The trial court found Graham guilty on all three counts.  It sentenced him to thirty-two months executed time for criminal recklessness, followed by consecutive one-year terms on the misdemeanors.  The misdemeanor sentences were suspended, except for credit on time served before trial.  Graham appealed on multiple grounds, and the Court of Appeals affirmed.  Graham v. Sate, 889 N.E.2d 1283 (Ind. Ct. App. 2008).  We granted transfer.

### The Evidence to Support "Forcible" Resistance

The statute under which Graham was charged provides that a person "who knowingly or intentionally:  (1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties…commits resisting law enforcement, a Class A misdemeanor…."  Ind. Code Ann.  35-44-3-3(a)(1) (West 2004 Repl.).

This Court's opinion in Spangler v. State, 607 N.E.2d 720 (Ind. 1993), examined the elements of the crime of resisting.  Justice DeBruler noted that the word "forcibly" modifies "resists, obstructs, or interferes" and that force is an element of the offense.  He explained that one "forcibly resists" when "strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties."  Id. at 723.  Spangler had refused to

3

accept service of process from an officer, walking away from the officer in the face of demands that he accept a protective order. This Court held that such action was resistance to authority but not "forcible" resistance. "It is error as a matter of law to conclude," we said, "that 'forcibly resists' includes all actions that are not passive." Id. at 724. Spangler's conviction was reversed.

The force involved need not rise to the level of mayhem. In Johnson v. State, 833 N.E.2d 516, 517 (Ind. Ct. App. 2005), a defendant in custody "pushed away with his shoulders while cursing and yelling" when the officer attempted to search him. As officers attempted to put him into a police vehicle, Johnson "stiffened up" and the police had to get physical in order to put him inside. Id. The Court of Appeals correctly held that Johnson's actions constituted forcible resistance.

We conclude that a fair reading of the evidence in this case does not reflect even the modest level of resistance described in Johnson. The weight of the debate on appeal has been whether refusing to present one's arms for cuffing constitutes use of force. While even "stiffening" of one's arms when an officer grabs hold to position them for cuffing would suffice, there is no fair inference here that such occurred.

Finally, the State has argued that Graham's resisting conviction should instead be affirmed because he turned around on the porch to return inside the house, thus "fleeing" within the meaning of another subsection of the statute on resisting law enforcement, Ind. Code Ann 35-44-3-3(a)(3) (West 2004 Repl.) The charging information alleged only forcible resistance and it cited only subsection 3(a)(1). On this occasion, we are not prepared at this late stage to affirm on what might have been charged and tried.

On the other hand, Graham's claims of error about the other convictions were correctly rejected by the Court of Appeals.   We summarily affirm their disposition of those claims.  Ind. Appellate Rule 58(A).

## Conclusion

We affirm the convictions and sentences for criminal recklessness and criminal mischief, and reverse the conviction for resisting.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.