**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 03 2012, 8:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TRAVIS MOORE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1109-CR-807 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James B. Osborn, Judge
Cause No. 49F15-1103-FD-015865

**May 3, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

After a bench trial, Travis Moore ("Moore") was convicted of Theft, as a Class D felony[1]; Resisting Law Enforcement, as a Class A misdemeanor[2]; Criminal Mischief, as a Class B misdemeanor[3]; and Disorderly Conduct, as a Class B misdemeanor.[4] He now appeals, raising for our review the single issue of whether there was sufficient evidence to support his conviction for Resisting Law Enforcement.

We affirm.

## Facts and Procedural History

On March 7, 2011, Moore was shopping in the Buckle store at the Castleton Square Mall in Indianapolis. Megan Camp ("Camp"), an employee at the store, asked Moore if he wanted to try on several pairs of jeans he was carrying, and admitted him to a dressing room. Moore spent several minutes in the dressing room without changing clothes, and Camp asked whether he needed any assistance finding other sizes. Moore agreed, and Camp located other pairs of jeans for Moore. After some time, Moore purchased a pair of jeans.

After completing his purchase, Moore remained in the store for several minutes while he browsed through the girl's clothing section and later moved to the boy's clothing section. Throughout this period, Moore fidgeted with something in the back pocket of his pants and actively avoided contact with store employees. Camp found this behavior suspicious and

---

[1] Ind. Code § 35-43-4-2(a).
[2] I.C. § 35-44-3-3(a)(1).
[3] I.C. § 35-43-1-2(a)(1).
[4] I.C. § 35-45-1-3(a)(2).

notified her supervisors, Jessica Pittenger ("Pittenger"), the store manager, and Jarred Williams ("Williams"), an area manager for several Buckle stores in Indiana. While Camp went to the back of the store to review Moore's actions in the store on a surveillance video, Pittenger and Williams continued to observe Moore as another employee, Jennifer Knight ("Knight"), offered to assist him in shopping.

Soon after this, Moore left the store. When he did so, a shoplifting sensor alarm sounded. Pittenger, Williams, and Knight followed Moore into the mall's common area, told him that the shoplifting alarm had sounded, and asked to check the bags he was carrying to see if something he was carrying had caused the alarm to sound. Moore refused and jerked his bags away from Knight, who had moved to check their contents.

Moore then moved to leave the mall, and Williams called 911 to notify police of a shoplifting incident. Pittenger, Williams, Knight, and mall security personnel followed Moore out of the mall and across the mall's parking lot as Moore hurried toward a nearby restaurant.

Indianapolis Metropolitan Police Department Officer Ivan Ivanov ("Officer Ivanov") had been notified of Williams's call and intercepted Moore in the restaurant's parking lot. Officer Ivanov approached Moore, who refused to stop until Officer Ivanov ran toward him with a drawn Taser gun. Moore stopped; Officer Ivanov placed him in handcuffs and began searching Moore's person and shopping bags. An officer assisting Officer Ivanov found part of a shoplifting sensor used by Buckle in Moore's back pants pocket, and Officer Ivanov found two pairs of Buckle jeans: one that Moore had purchased in a bag from the Castleton

3

Buckle store, and another in a bag from another store. The jeans in the bag from the other store had a tear in the rear pocket where the Buckle shoplifting sensor had once been, and a review of Moore's receipts did not reveal that Moore had purchased that pair of jeans himself.

Though Moore was initially cooperative with Officer Ivanov, he quickly became hostile with Officer Ivanov and the Buckle employees, yelling and using harsh language toward them and the patrons of a nearby restaurant. Nevertheless, after telling Moore to stop yelling, Officer Ivanov placed Moore in the backseat of his police vehicle because it was cold outside. Even inside the car, Moore continued to yell at the others. He eventually rolled down one of the police car's windows and continued to shout at Officer Ivanov. Officer Ivanov opened the door, rolled the window up, and closed the door again.

Moore then began to kick the inside of the police car while again yelling at police and other bystanders. Officer Ivanov again opened the door, this time to remove Moore from the car and have him sit on the ground to minimize Moore's ability to flee the scene on foot. Moore refused to sit, so Officer Ivanov pressed Moore's hand to assist him downward. Moore pulled away, and instead lowered himself onto his knees. Soon after this, Moore got up, then ran toward and sat down on a curb.

To this point, Moore's hands had been handcuffed behind his back. Once seated, however, Moore was able to bring his hands from behind his body to the front of his body. Officer Ivanov recognized this as a sign that Moore would try to escape and instructed Moore to return his hands to a position behind his back. Moore refused, and Officer Ivanov and a

4

colleague then re-handcuffed Moore's hands behind his back. Soon afterward, a Marion County Sheriff's Office van arrived to transport Moore from the scene.

On March 8, 2011, Moore was charged with Theft, Resisting Law Enforcement, Criminal Mischief, and Disorderly Conduct. On May 23, 2011, Moore waived a jury trial, and the trial court set the matter for a bench trial.

On July 11, 2011, a bench trial was conducted, at the end of which the trial court found Moore guilty of all charges. On August 8, 2011, the trial court entered its judgment of conviction against Moore for each offense and sentenced him to one year of imprisonment for Theft, with 355 days suspended, and ten days for each of the other offenses, with all sentences run concurrently. The court also ordered Moore to serve probation and perform 160 hours of community service.

This appeal ensued.

**Discussion and Decision**

Moore challenges his conviction for Resisting Law Enforcement, as a Class A misdemeanor, after a bench trial, contending that there was insufficient evidence to support the conviction. Our standard of review in such cases is well settled:

> When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Henley v. State, 881 N.E.2d 639, 652 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009).

To convict Moore of Resisting Law Enforcement as charged, the State was required to prove beyond a reasonable doubt that Moore knowingly or intentionally forcibly resisted, obstructed, or interfered with Officer Ivanov while he was lawfully engaged in the execution of his duties. I.C. § 35-44-3-3(a)(1); App. 20. The adverb, "forcibly," modifies each of the three forms of conduct—resisting, obstructing, or interfering—in the statute, and is thus itself an element of the offense. Spangler v. State, 607 N.E.2d 720, 723-24 (Ind. 1993).

To sustain a conviction for forcible resistance, obstruction, or interference with law enforcement, it is not sufficient that an individual actively rather than passively resisted the efforts of law enforcement. Id. As our Supreme Court held in Spangler, "the legislature intended the term 'forcible' to connote some form of violent action toward another." Id. The force used need not rise to the level of "mayhem," however, Graham v. State, 903 N.E.2d 963, 965 (Ind. 2009), and even "modest" force may suffice to sustain a conviction. Id. at 966.

Moore does not contend that he did not use force during the incident on March 7, 2011. Rather, he argues that force must be directed toward police officers to constitute forcible resistance, obstruction, or interference within the meaning of Section 35-44-3-3(a). We do not agree. In Guthrie v. State, we sustained the defendant's conviction for resisting law enforcement when he "lean[ed] his body back and stiffen[ed] his legs." 720 N.E.2d 7, 9 (Ind. Ct. App. 1999), trans. denied. In Wellman v. State, the defendant resisted leaving his home by bracing himself against a door frame and later dropping to his knees, telling the arresting officer that he would have to drag him to the officer's car. 703 N.E.2d 1061, 1062

6

(Ind. Ct. App. 1998). In neither of these cases did the defendants use force directly toward police officers, though they used force to prevent police from arresting them.

The same is true here. Officer Ivanov testified that Moore kicked the inside of his car, which led him to remove Moore from the car to prevent public property from being damaged. This impeded Officer Ivanov's investigation of the 911 call involving Moore's conduct. Once out of the car, Moore pulled away from Officer Ivanov before dropping to his knees. He then ran to a curb and moved his still-restrained hands from behind his back to the front of his body, an indication that he might attempt to flee, and refused to move his hands from his front to his back. Taken together, there is thus sufficient evidence from which a fact-finder could conclude beyond a reasonable doubt that Moore forcibly resisted, obstructed, or interfered with Officer Ivanov's lawful execution of his duties as a police officer.

Affirmed.

ROBB, C.J., and MATHIAS, J., concur.