**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEON LIGGANS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1111-CR-616 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No. 49F10-1008-CM-61963

**September 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Deon Liggans appeals his conviction of resisting law enforcement, a Class A misdemeanor. Ind. Code Ann. § 35-44-3-3 (West 2012). We affirm.

## ISSUE

Liggans raises one issue, which we restate as: whether the evidence is sufficient to sustain his conviction.

## FACTS AND PROCEDURAL HISTORY

On August 9, 2012, Officer Dale Disney of the Indianapolis Metropolitan Police Department was dispatched to an address to investigate a disturbance. Disney was on patrol in uniform, in a fully marked police car. The dispatcher advised Disney that a suspect was driving away from the address in a green Dodge Neon. As Disney approached the address, he saw a person driving away in a Dodge Neon.

Disney stopped the Neon and approached it on foot. A person later identified as Liggans was sitting in the driver's seat shouting at someone on his cell phone. Liggans failed to comply with Disney's requests to hang up his phone or to fully roll down his car window, so Disney opened the car door and asked Liggans to get out of the car. Liggans was still talking on his cell phone as he got out, so Disney took the phone away from him and put it on top of Liggans' car.

Disney told Liggans to walk to the back of the car so that they could get out of traffic. Liggans was angry and shouted at Disney as he moved to the back of the car. Disney felt unsafe and decided to handcuff Liggans. Liggans cooperated at first by standing still with his hands behind his back, but after Disney had put a handcuff on one

2

of Liggans' wrists, Liggans "made an abrupt quarter turn on me, and said you better not put those on tight, and began to pull away." Tr. p. 40. Disney maneuvered Liggans to the ground using a front leg sweep. Liggans continued to struggle, so Disney got on top of Liggans to minimize his movements and finished handcuffing him.

The State charged Liggans with resisting law enforcement. Liggans filed a motion to suppress, which the trial court denied. Upon Liggans' request, the trial court certified its ruling for interlocutory appeal, but this Court declined to accept Liggans' appeal. Subsequently, the trial court presided over a bench trial. The trial court determined that Liggans was guilty and sentenced him accordingly. This appeal followed.

DISCUSSION AND DECISION

When an appellant challenges the sufficiency of the evidence supporting a conviction, we do not reweigh the evidence or judge the credibility of the witnesses. *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011). We affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

In order to convict Liggans of resisting law enforcement, the State was required to prove beyond a reasonable doubt that: (1) Liggans (2) forcibly resisted, obstructed, or interfered (3) with Disney (4) while Disney was lawfully engaged in the execution of his duties. *See* Ind. Code Ann. § 35-44-3-3 (West 2012).

Liggans contends that there is insufficient evidence that he forcibly resisted Disney. Our Supreme Court has determined that force is an element of the offense of resisting law enforcement. *Graham v. State*, 903 N.E.2d 963, 965 (Ind. 2009). While the

3

level of force involved "need not rise to the level of mayhem," the State must prove that the defendant used "strong, powerful, violent means" to resist a law enforcement officer. *Id.* In *Graham*, the Court distinguished between a defendant's mere refusal to present his or her arms for handcuffing, which would not be sufficient proof of forcible resistance, and "stiffening" one's arms when an officer grabs them to position them for handcuffing, which "would suffice" to establish forcible resistance. *Id.* at 966.

In this case, when Disney attempted to handcuff Liggans, Liggans cooperated at first but then turned on Disney and began to pull away. Disney used a leg sweep maneuver to put Liggans on the ground, where Liggans continued to struggle against being handcuffed. We conclude that this evidence sufficiently demonstrates that Liggans forcibly resisted Disney. *See Dallaly v. State*, 916 N.E.2d 945, 950-51 (Ind. Ct. App. 2009) (determining that sufficient evidence established forcible resistance where Dallaly at first turned away from the officer and then turned aggressively toward the officer when told to halt, and resisted being handcuffed); *Johnson v. State*, 833 N.E.2d 516, 518-19 (Ind. Ct. App. 2005) (determining that sufficient evidence established forcible resistance where Johnson turned and pushed away from officers as they attempted to search him and then stiffened his body to avoid being placed in a jail transport vehicle). Liggans asserts that he twisted away from Disney during the handcuffing process because the handcuff was too tight and caused him pain. This is a request to reweigh the evidence, which we cannot do. Therefore, Liggans' challenge to the sufficiency of the evidence supporting his conviction fails.

4

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.