Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jan 17 2013, 9:26 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARILYN CARTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1206-CR-457 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara Collins, Judge
The Honorable Deborah Shook, Commissioner
Cause No.49F08-1203-CM-19627

**January 17, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Marilyn Carter appeals her convictions for resisting law enforcement[1] and battery,[2] both as Class A misdemeanors, contending that the evidence was not sufficient to support the convictions. We affirm.

On March 23, 2012, Carter was at Arlington High School in Indianapolis for a conference with school officials regarding her daughter who was a student at the school. While at the school, Carter became loud and boisterous and refused the request of Indianapolis Public Schools Police Officer Marzetta Jenkins to leave the building. After Carter pushed Officer Jenkins, Officer Jenkins and another officer attempted to place handcuffs on Carter. Carter struggled with the officers and swung her arms. The officers gained control, handcuffed Carter, and placed her under arrest for resisting law enforcement and battery.

On appeal, Carter contends that the evidence is insufficient to support her convictions. When reviewing the claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

To prove battery as a Class A misdemeanor, the State was required to prove that Carter knowingly or intentionally touched Officer Jenkins in a "rude, insolent or angry manner." Ind. Code § 35-42-2-1. At trial, both police officers testified that Carter yelled

[1] *See* Ind. Code § 35-44-3-3(a), now Ind. Code § 35-44.1-3-1.

[2] *See* Ind. Code § 35-42-2-1.

2

and lunged at Officer Jenkins and then pushed her causing her to lose her balance. *Tr.* at 18, 27. Although Carter claims that, in pushing Officer Jenkins, she was protecting her daughter and was not rude, insolent, or angry, it was for the trier of fact to consider such claim, to determine the credibility of the witnesses, and to resolve any conflicts in the evidence. Viewed consistently with our standard of review, this evidence is clearly sufficient to support the battery conviction.

To prove resisting law enforcement, as a Class A misdemeanor, the State was required to prove that Carter knowingly and forcibly resisted, obstructed, or interfered with an officer while said officer was lawfully engaged in the execution of her duties as a law enforcement officer. *See* Ind. Code § 35-44-3-3. Both officers testified that they attempted to place Carter in handcuffs after she pushed Officer Jenkins and that Carter yelled, swung her arms, physically resisted the officers' attempt to put her in handcuffs, and then continued to resist their efforts to take her from the attendance office to the police office.

Our Supreme Court has held that, while " '[i]t is error as a matter of law to conclude . . . that 'forcibly resists' includes all actions that are not passive[,]" *Graham v. State,* 903 N.E.2d 963, 965 (Ind. 2009) (quoting *Spangler v. State*, 607 N.E.2d 720, 724 (Ind. 1993)), it has also made clear that " '[t]he force involved need not rise to the level of mayhem.' " *Id.* Carter was not convicted for passive acts. Again, viewed consistently with our standard of review, this evidence is sufficient to support the conviction.

Affirmed.

MATHIAS, J., and CRONE, J., concur.