**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FRENCH TIBBS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1205-CR-438 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben B. Hill, Judge
Cause No. 49F18-1008-FD-60728

**January 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

French Tibbs appeals his convictions for resisting law enforcement, as a Class A misdemeanor, and possession of marijuana, as a Class A misdemeanor. Tibbs raises the following two issues for our review:

1. Whether the State presented sufficient evidence to support his conviction for resisting law enforcement; and

2. Whether the State presented sufficient evidence to support his conviction for possession of marijuana.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 4, 2010, Detective Leo George of the Indianapolis Metropolitan Police Department ("IMPD") was patrolling a high-crime area in an undercover vehicle when he drove past a boarded-up home on Burton Avenue. Detective George observed a car parked in front of the house with Tibbs leaning into the car through an open window. As Detective George drove past, he observed Tibbs enter the vehicle and, as Detective George continued down the street, he observed Tibbs exit the vehicle. Detective George then parked his car down the street and watched the occupants of the other vehicle smoke a marijuana cigarette, passing it back and forth. Detective George called for a marked unit to initiate a traffic stop.

IMPD Officer Matthew Lynch responded to Detective George's request. As Officer Lynch approached the suspect vehicle, he observed Tibbs walk across the middle of the street toward the vehicle. Officer Lynch ordered Tibbs to stop, but Tibbs continued walking. After two or three additional orders, Tibbs finally stopped walking.

2

Tibbs' hands were in his pockets, and Officer Lynch ordered Tibbs to remove his hands three or four times before Tibbs complied.

Officer Lynch then attempted to place Tibbs in handcuffs for officer safety, but when he grabbed Tibbs' hands Tibbs "jerked away" from him. Transcript at 62. Officer Lynch was able to regain his hold of Tibbs' hands and handcuff him. Officer Lynch then sat Tibbs on the sidewalk, but Tibbs "jumped up and tried to take off running." Id. at 64. Officer Lynch immediately grabbed Tibbs and "pushed him onto the hood" of the patrol car. Id. While on the hood of the patrol car, Tibbs "kept moving around" while Officer Lynch tried to get control of him. Id. at 65.

After about ten seconds, Officer Lynch decided to move Tibbs to the other side of the street. Officer Lynch then noticed a bag of marijuana on the street "between the sidewalk where [Tibbs] had been sitting and in front of [Officer Lynch's] car." Id. at 66. That marijuana was not there before Tibbs began struggling with Officer Lynch. Detective George, who had come to assist Officer Lynch, observed the marijuana drop from Tibbs' person to the ground by Tibbs' feet. Later, Tibbs again attempted to run away. When he did so, his pants fell down and a set of digital scales fell out of his pocket.

On August 9, the State charged Tibbs with resisting law enforcement, as a Class D felony; two counts of resisting law enforcement, as Class A misdemeanors; and possession of marijuana, as a Class A misdemeanor. The court held Tibbs' jury trial on March 15, 2012. The jury found Tibbs guilty of one count of resisting law enforcement,

as a Class A misdemeanor, and possession of marijuana, as a Class A misdemeanor. The court entered its judgment of conviction and sentence accordingly. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

On appeal, Tibbs contends that the State failed to present sufficient evidence to support each of his convictions. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the verdict and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

### Issue One: Resisting Law Enforcement

To demonstrate resisting law enforcement as a Class A misdemeanor, the State was required to show, in relevant part, that Tibbs knowingly or intentionally forcibly resisted a law enforcement officer while the officer was engaged in his official duties. Ind. Code § 35-44.1-3-1(a)(1). "[O]ne 'forcibly resists' when 'strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties.'" Graham v. State, 903 N.E.2d 963, 965 (Ind. 2009) (quoting Spangler v. State, 607 N.E.2d 720, 723 (Ind. 1993)). It is well established that "even 'stiffening' of one's arms when an officer grabs hold to position them for cuffing would suffice" to show that one "forcibly" resisted a law enforcement officer. Id. at 966. On the other hand, merely

4

refusing to present one's hands to an officer for handcuffing is insufficient to show one forcibly resisted. See id. at 965-66.

Here, Tibbs asserts that the State's evidence does not demonstrate that he forcibly resisted Officer Lynch, and he analogizes the State's evidence against him to the mere refusal to present one's hands for handcuffing in Graham. But Graham and related cases are inapposite here. The State's evidence against Tibbs demonstrates that, after Officer Lynch had hold of Tibbs' hands, Tibbs "jerked" his hands away from Officer Lynch. Transcript at 62. This fact alone demonstrates that Tibbs forcibly resisted Officer Lynch. Thus, the State presented sufficient evidence to support Tibbs' conviction for resisting law enforcement, as a Class A misdemeanor, and we affirm his conviction.

### Issue Two:  Possession of Marijuana

To demonstrate possession of marijuana as a Class A misdemeanor, the State was required to show, in relevant part, that Tibbs knowingly or intentionally possessed marijuana. See I.C. § 35-48-4-11. Tibbs asserts that the State failed to demonstrate that he possessed the marijuana found by Officer Lynch because "[n]o marijuana was found of Mr. Tibbs' person. No one saw the bag of marijuana or digital scales fall from Mr. Tibbs' person." Appellant's Br. at 13. We cannot agree with Tibbs' review of the record.

Detective George testified that he saw the marijuana drop from Tibbs' person onto the street next to Tibbs' feet. Officer Lynch testified that he observed a bag of marijuana on the street "between the sidewalk where [Tibbs] had been sitting and in front of [Officer Lynch's] car" where there had been no marijuana prior to Tibbs' struggle with

5

Officer Lynch. Id. at 66. The officers' testimony demonstrates that Tibbs actually possessed the discovered marijuana. Accordingly, we affirm Tibbs' conviction.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.