**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RYAN BAILEY,                                      )
                                                 )
    Appellant-Defendant,                         )
                                                 )
        vs.                                 )    No.  49A02-1305-CR-419
                                                 )
STATE OF INDIANA,                                )
                                                 )
    Appellee-Plaintiff.                          )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No. 49F10-1204-CM-25027

**January 29, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Ryan Bailey appeals his conviction for Resisting Law Enforcement,[1] a class A misdemeanor, challenging the sufficiency of the evidence. Bailey argues that the State failed to establish that he acted forcibly toward the officers or interfered with the execution of their duties. Bailey points out that at no time did he threaten physical violence or use "more than a passive resistance with the officers." Appellant's Br. p. 5.

Concluding that Bailey's actions toward the arresting officer, which included twisting and pulling away from the officer in a violent manner and trying to pull free from him, constituted forcible resistance within the meaning of the resisting law enforcement statute, we affirm the judgment of the trial court.

FACTS

On April 14, 2012, Officer Craig Anderson of the Indianapolis Metropolitan Police Department (IMPD) was on patrol. At some point, he and several other officers were dispatched to an area regarding the report of a man causing a disturbance. When Officer Anderson arrived at the scene, he was flagged down by Bailey's father, Michael, who was on top of his son. Michael told the officers that he was trying to control his son, who was "struggling" with his father and "yelling and screaming, and cursing." Tr. p. 8. As one of the officers approached, he noticed that Bailey's eyes were "very glassy and

[1] Ind. Code § 35-44.1-3-1(a)(1). At the time of the arrest and trial, this offense was codified at Indiana Code section 35-44-3-3. There was no change to the substance of the statute when it was recodified to its current location.

bloodshot" and the odor of alcoholic beverage was emanating from him. Id. at 8-9. As a result, Officer Anderson decided to arrest Bailey for public intoxication.

After Bailey was handcuffed, he eventually stood up and started walking with Officer Anderson toward the curb. However, at some point, Bailey "started twisting and pulling away from [the officer] violently and tried to pull free from him." Id. Officer Anderson ordered Bailey to stop resisting, but Bailey "continued to try to pull away." Id. at 10. Finally, Officer Anderson swept Bailey's feet out from under him and placed Bailey back onto the ground. Bailey continued to "thrash and kick" while cursing and threatening both Officer Anderson and his father. Id. at 10. Officer Anderson subsequently stated that Bailey "fought the entire time" and when the police wagon arrived and Bailey was escorted inside, leg shackles had to be placed on him. When Bailey was secured in the wagon, he "began kicking the inside of the wagon and banging on the inside of the wagon." Id.

As a result of the incident, Bailey was charged with resisting law enforcement, a class A misdemeanor. Following a bench trial which concluded on February 20, 2012, the trial court found Bailey guilty as charged and was later sentenced. Bailey now appeals.

<u>DISCUSSION AND DECISION</u>

As noted above, Bailey challenges the sufficiency of the evidence, claiming that his conviction must be set aside because he was never violent with the police officers and only passively resisted them.

3

We do not reweigh evidence or reassess the credibility of witnesses when reviewing a conviction for the sufficiency of the evidence. Walker v State, No. 49S02-1312-CR-804, slip op. at 3 (Ind. Dec. 12, 2013). We view all evidence and reasonable inferences drawn therefrom in a light most favorable to the conviction, and will affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Id.

A person commits the crime of resisting law enforcement when he or she "knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer . . . while the officer is lawfully engaged in the execution of the officer's duties." Ind. Code § 35-44.1-3-1(a)(1).

Recently, in Walker, our Supreme Court noted that in Graham v. State, "the force involved need not rise to the level of mayhem." 903 N.E.2d 963, 965 (Ind. 2009). More particularly, it was observed that even a very "modest level of resistance" might support the offense. Id. at 966 (noting that even stiffening of one's arms when an officer grabs hold to position them for cuffing would suffice). The Walker court further determined that

> A person 'forcibly' resists, obstructs, or interferes with a police officer when he or she uses strong, powerful, violent means to impede an officer in the lawful execution of his or her duties. But this should not be understood as requiring an overwhelming or extreme level of force. The element may be satisfied with even a modest exertion of strength, power, or violence.

Slip op. at 5-6 (emphasis added).

4

In Walker, it was determined that the evidence was sufficient to support the defendant's conviction for resisting law enforcement when it was established that the defendant refused the police officers' repeated orders to lay on the ground and advanced aggressively, with his fists clenched, to within a few feet of the police officer. Slip op. at 8.

In this case, the evidence demonstrated that Bailey's acts were indeed strong and powerful and focused against Officer Anderson's efforts to perform his official duty of arresting Bailey for public intoxication. Tr. p. 9. As noted above, Officer Anderson testified that Bailey started "twisting and pulling away" from him and was doing so "violently" as they were walking toward the curb. Id. Even after Officer Anderson forced Bailey to the ground, he continued to "thrash and kick," curse, and threaten the officer and his father. Id. at 10.

In our view, these are not actions of an individual who is passively submitting to arrest. Bailey did much more than simply refuse to assist in the placement of handcuffs on his hands. Thus, we conclude that the evidence was sufficient to support Bailey's conviction for resisting law enforcement.

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.