**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 29 2014, 10:20 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

GABRIEL SENTENEY,                )
                                 )
    Appellant-Defendant,         )
                                 )
         vs.                  )      No. 49A02-1309-CR-818
                                 )
STATE OF INDIANA,                )
                                 )
    Appellee-Plaintiff.          )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy M. Jones, Judge
Cause No. 49F08-1209-CM-62126

**May 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Gabriel Senteney[1] appeals his conviction for class A misdemeanor resisting law enforcement, following a bench trial. The sole issue presented for our review is whether the State presented sufficient evidence to sustain the conviction. Finding the evidence sufficient, we affirm.

**Facts and Procedural History**

On September 6, 2012, Officer Gene Donovan, Sergeant David Coonce, and other officers from the Marion County Sheriff's Department went to a residence to serve a felony arrest warrant on Senteney. The female who answered the door of the residence stated that Senteney was not there. Officer Donovan explained that the officers had a right to enter the residence to search for Senteney. Officers began searching the residence, continually announcing their presence and purpose and ordering Senteney to come out. The officers were confident that Senteney was hiding inside the residence because an officer stationed outside on the perimeter of the residence saw an individual he thought was Senteney look out a window.

When Officer Donovan reached the back of the residence, he observed what appeared to be a porch storage area full of clothing racks and a cabinet. Officer Donovan tugged on the knob of one of the cabinet's doors, but the door did not open. Officer Donovan briefly left the porch area to search the attic of the residence. When that search failed to reveal

---

[1] We note that both parties spell the appellant's last name "Senteny" rather than "Senteney." We choose the latter spelling as the judgment of conviction and trial transcript both refer to the appellant as Senteney.

Senteney's whereabouts, Officer Donovan returned to the porch. Officer Donovan again attempted to open the cabinet. This time the cabinet door "gave a little bit" but quickly shut again "like somebody was pulling on it." Tr. at 10, 16. Officer Donovan was eventually able to pull the door open and discovered Senteney curled up inside the cabinet in a fetal position with his hands on top of his knees.

Officer Donovan ordered Senteney to exit the cabinet, but Senteney refused. Sergeant Coonce then entered the porch, identified himself to Senteney, and ordered him to exit the cabinet. When Senteney failed to comply with the order, Sergeant Coonce grabbed Senteney's arm and pulled him out of the cabinet so that he was face down on the floor. Senteney refused the officers' repeated requests to put his arms behind his back and instead tucked both arms under his chest. When Sergeant Coonce attempted to pull Senteney's arms out from under his body, he noticed that Senteney's arms were "definitely tense." *Id*. at 19. It took three officers to physically pull on Senteney's arms to effectuate the handcuffing process due to Senteney's refusal to cooperate. *Id*. at 19-20.

The State charged Senteney with two counts of class A misdemeanor resisting law enforcement. A bench trial was held on July 21, 2013. At the close of the State's evidence, the trial court granted Senteney's motion for involuntary dismissal of one of the counts. Thereafter, the trial court found Senteney guilty of one count of class A misdemeanor resisting law enforcement. This appeal ensued.

**Discussion and Decision**

To convict Senteney of class A misdemeanor resisting law enforcement, the State was required to prove that Senteney knowingly or intentionally forcibly resisted, obstructed, or interfered with a law enforcement officer while the officer was lawfully engaged in the execution of the officer's duties. *See* Ind. Code § 35-44.1-3-1. Our supreme court recently reiterated its well-known holding that a person "forcibly resists" law enforcement when "strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." *Walker v. State*, 998 N.E.2d 724, 726-27 (Ind. 2013) (quoting *Spangler v. State*, 607 N.E.2d 720, 723 (Ind. 1993)). In *Walker*, the court also reiterated its subsequent clarification of the *Spangler* holding in which the court explained that "the force involved need not rise to the level of mayhem" and that a "modest level of resistance" such as "stiffening one's arm when an officer grabs hold to position them for cuffing" would suffice as forcible resistance. *Id.* (quoting *Graham v. State*, 903 N.E.2d 963, 965-66 (Ind. 2009)). The "forcible" element is met when evidence demonstrates that "the police had to get physical" to secure the defendant's compliance. *Graham*, 903 N.E.2d. at 966.

Here, Senteney used, at the very least, a modest level of resistance to interfere with Sergeant Coonce's attempt to handcuff him. Senteney held his arms under his chest on the floor and also tensed his arms when Sergeant Coonce grabbed hold to position them for cuffing. Senteney concedes that stiffening one's arms is sufficient to support a finding of forcible resistance but argues that our case law does not indicate that tensing one's arms is similarly sufficient. We are not persuaded by Senteney's attempt to distinguish between

4

stiffening one's arms and tensing one's arms, as both acts suffice as forcible resistance because they require officers to "get physical" in order to secure a defendant's compliance. *See id.* The State presented sufficient evidence to show that Senteney forcibly resisted Sergeant Coonce, and therefore we affirm his conviction for class A misdemeanor resisting law enforcement.

Affirmed.

BAKER, J., and BARNES, J., concur.