**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 06 2014, 8:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL R. FISHER**
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES HOWLETT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1312-CR-600 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clark H. Rogers, Judge
Cause No. 49F25-1307-FD-47459

**June 6, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On July 20, 2013, members of the Indianapolis Metropolitan Police Department ("IMPD") responded to the scene of an alleged assault. Officer Michael Anderson, a trained evidence technician, was dispatched to the scene to assist in the investigation. Upon arriving at the scene, Officer Anderson learned that the victim, Jeffrey Hack, reported that his neighbor, Appellant-Defendant Charles Howlett, broke into Hack's home, hit him several times, and bound Hack's hands and mouth with tape. At some point, Officer Anderson noticed a man matching the description of Howlett standing in what Hack described as Howlett's front yard. Officer Anderson approached Howlett. Officer Anderson grabbed Howlett's left arm after Howlett attempted to walk away from Officer Anderson and ignored Officer Anderson's instruction to stop. Howlett shoved Officer Anderson's hand off of his shoulder and cursed at Officer Anderson. Howlett was subsequently arrested.

Appellee-Plaintiff the State of Indiana (the "State") subsequently charged Howlett with a number of offenses, including one count of Class A misdemeanor resisting law enforcement. Following a bench trial, the trial court found Howlett guilty of the resisting law enforcement charge and not guilty of the remaining charges and imposed a 365-day sentence. The trial court gave Howlett credit for time served and suspended the remainder of the sentence. On appeal, Howlett contends that the State did not present sufficient evidence to sustain his conviction for Class A misdemeanor resisting law enforcement. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On July 20, 2013, Hack called IMPD to report that his neighbor, Howlett, broke into

2

Hack's home, hit Hack several times, and bound Hack's hands and mouth with tape. Officer Anderson, a trained evidence technician, was dispatched to the scene to assist in the investigation. Upon arriving at the scene, Officer Anderson met with Officer Ron Sayles to discuss the investigation, including the evidence that needed to be gathered. Officer Sayles informed Officer Anderson that Hack identified Howlett as his assailant and informed the investigating officers of which home belonged to Howlett. Officer Anderson subsequently took pictures of Hack and the damage to the front door of Hack's residence. As Officer Anderson, who was in full police uniform, was putting his camera equipment into the trunk of his marked police cruiser, he saw a man standing in what Hack indicated was Howlett's front yard taking pictures of the police officers. The man also matched the description of Howlett given by Hack.

Recognizing that Howlett was a suspect in the ongoing assault investigation, Officer Anderson approached Howlett, who was still standing in his front yard, and told Howlett that the officers needed to speak to him regarding the ongoing investigation. Howlett attempted to walk away from Officer Anderson, even after Officer Anderson instructed him to stop. Officer Anderson grabbed Howlett's left arm and began to walk with Howlett back towards the street. Howlett then "shoved [Officer Anderson's] hand off of his arm and said get the f[***] off of me." Tr. pp. 18, 20-21. Howlett was subsequently placed under arrest.

On July 23, 2013, the State charged Howlett with Class D felony criminal confinement, Class D felony residential entry, Class D felony intimidation, Class D felony obstruction of justice, Class A misdemeanor battery on an officer, Class A misdemeanor

3

resisting law enforcement, Class B misdemeanor battery, and three counts of Class A misdemeanor invasion of privacy. On October 30, 2013, the trial court conducted a bench trial during which Howlett admitted that he "did jerk away from" Officer Anderson. Tr. p. 37. Following the bench trial, the trial court found Howlett guilty of Class A misdemeanor resisting law enforcement. The trial court found Howlett not guilty of each of the remaining charges. On November 13, 2013, the trial court sentenced Howlett to a term of 365 days. The trial court gave Howlett credit for time served prior to sentencing and suspended the remainder of the sentence. This appeal follows.

## DISCUSSION AND DECISION

Howlett contends that the evidence is insufficient to sustain his conviction for Class A misdemeanor resisting law enforcement.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968

4

N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

The offense of resisting law enforcement is governed by Indiana Code section 35-44-3-3, which provides, in relevant part, that "(a) A person who knowingly or intentionally: (1) forcibly resists, obstructs, or interferes with a law enforcement officer … while the officer is lawfully engaged in the execution of the officer's duties … commits resisting law enforcement, a Class A misdemeanor." The word "forcibly" modifies "resists, obstructs, or interferes," making force an element of the offense. *See Graham v. State*, 903 N.E.2d 963, 965 (Ind. 2009); *Spangler v. State*, 607 N.E.2d 720, 723 (Ind. 1993). Thus, to convict Howlett of Class A misdemeanor resisting law enforcement, the State needed to prove that Howlett: (1) knowingly or intentionally (2) forcibly resisted, obstructed, or interfered with Officer Anderson (3) while Officer Anderson was lawfully engaged in the execution of his duties. One "forcibly resists," for purposes of forcibly resisting law enforcement, when one uses "strong, powerful, violent means" to evade a law enforcement official's rightful exercise of his or her duties. *Graham*, 903 N.E.2d at 965; *Spangler*, 607 N.E.2d at 726.

In *Graham*, the Indiana Supreme Court held that in determining that an individual forcibly resisted, the force involved need not rise to the level of mayhem, and discussed with approval this court's determination in *Johnson v. State*, 833 N.E.2d 516 (Ind. Ct. App. 2005), that a defendant had forcibly resisted law enforcement officers by "push[ing] away with his shoulders while cursing and yelling" as the officer attempted to search him and by

5

"stiffen[ing] up" as officers attempted to put him into a police vehicle, requiring the officers to "get physical in order to put him inside." *Graham*, 903 N.E.2d at 965-66. In *Glenn v. State*, 999 N.E.2d 859, 862 (Ind. Ct. App. 2013), this court concluded that the defendant exhibited sufficient force to sustain her conviction for resisting law enforcement when the defendant "on more than one occasion, 'aggressively' tried to pull away" from the arresting officer. In *Lopez v. State*, 926 N.E.2d 1090, 1094 (Ind. Ct. App. 2010), *trans. denied*, this court concluded that the defendant exhibited sufficient force to sustain his conviction for resisting law enforcement when the defendant refused to stand or uncross his arms upon being ordered to do so by the arresting officer and attempted to pull away from the arresting officer, requiring the officer to use physical force to arrest him. Likewise, in *J.S. v. State*, 843 N.E.2d 1013, 1017 (Ind. Ct. App. 2006), *trans. denied*, this court concluded that the evidence was sufficient to sustain the juvenile's adjudication for what would be resisting law enforcement if committed by an adult when the evidence demonstrated that the juvenile "pulled," "yanked," and "jerked" away from the officer, and was "flailing her arms," "squirming her body," and "making it impossible for [the officer] to hold her hands."

Howlett claims on appeal that the evidence is insufficient to sustain a determination that he forcibly resisted Officer Anderson. The evidence, however, demonstrates that Howlett, a suspect in the ongoing assault investigation, used force to resist Officer Anderson's attempt to detain Howlett. Officer Anderson approached Howlett, who was standing in his front yard, and told Howlett that the officers needed to speak to him regarding the ongoing investigation. Howlett attempted to walk away from Officer Anderson, even

after Officer Anderson instructed him to stop. Officer Anderson grabbed Howlett's left arm and began to walk back towards the street. Howlett then "shoved [Officer Anderson's] hand off of his arm and said get the f[***] off of me." Tr. pp. 18, 20-21. In addition, Howlett subsequently admitted at trial that he "did jerk away from" Officer Anderson. Tr. p. 37. We conclude that Howlett's act of jerking away from Officer Anderson or shoving Officer Anderson's hand off his shoulder while cursing at Officer Anderson is sufficient to prove that Howlett forcibly resisted Officer Anderson.

Howlett also claims that the evidence is insufficient to sustain a determination that Officer Anderson was lawfully engaged in the execution of his duties when he approached Howlett. In support, Howlett argues that Officer Anderson had no reason to suspect him of any wrongdoing and, as such, could not lawfully detain Howlett. Thus, Howlett asserts that his encounter with Officer Anderson was nothing more than a consensual encounter and, as such, he was entitled to exert minimal resistance to protect himself from the unlawful entry onto his property by Officer Anderson. Howlett's argument, however, is without merit as the evidence demonstrates that Officer Anderson had probable cause to believe that Howlett was a suspect in an ongoing police investigation. *See generally Robles v. State*, 510 N.E.2d 660, 664 (Ind. 1987) (providing that probable cause exists where facts and circumstances within the knowledge of the officer, when based on reasonably trustworthy information, are sufficient for a reasonable person to believe an offense has been committed by the defendant).

Again, after recognizing Howlett as the person described by Hack to be his attacker,

7

Officer Anderson approached Howlett, who was standing in his front yard taking pictures of police, and indicated that the officers needed to speak to him regarding the ongoing investigation. Officer Anderson testified at trial that his "sole reason of going onto [Howlett's] property" was to apprehend the suspect of an alleged assault. Tr. p. 19. The evidence demonstrates that, despite Howlett's claim to the contrary, Officer Anderson had probable cause to believe that Howlett had assaulted Hack and, as such, was lawfully engaged in the execution of his police duties when he approached and detained Howlett. *See generally Robles*, 510 N.E.2d at 664.

The evidence presented at trial is sufficient to sustain the trial court's determination that Howlett forcibly resisted Officer Anderson while Officer Anderson was lawfully engaged in the execution of his duties. Howlett's claim to the contrary effectively amounts to an invitation for this court to reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d at 435.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.