## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 01 2018, 10:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel C. Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Wikle,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 1, 2018<br>Court of Appeals Case No.<br>67A04-1711-CR-2524<br>Appeal from the Putnam Superior Court<br>The Honorable Charles D. Bridges, Judge<br>Trial Court Cause No.<br>67D01-1511-CM-667 |

**Najam, Judge.**

## Statement of the Case

Robert Wikle appeals his conviction for resisting law enforcement, as a Class A misdemeanor, following a bench trial. He presents a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

## Facts and Procedural History

On October 18, 2015, Wikle was home alone when he heard a commotion on his front porch. He opened his front door and found a woman fighting with her teenaged daughter.[1] Wikle intervened, and the woman called her boyfriend, who soon arrived and physically assaulted Wikle. At some point, Wikle called the Putnam County Sheriff's Department and reported a "disturbance." Tr. at 6. When Deputy Richard Cooper arrived, he saw a man and a woman in a car at the end of Wikle's driveway, and he saw Wikle exit the front door of his house carrying a shotgun.

Deputy Cooper ordered Wikle to "drop the weapon multiple times," but Wikle "refused." *Id.* at 7. After approximately "twenty or thirty seconds," Wikle placed the shotgun in a chair. *Id.* Deputy Cooper then ordered Wikle "to the ground," but he did not comply. *Id.* Deputy Cooper approached Wikle and tried to detain him, but Wikle "refused to be detained." *Id.* at 8. In particular, as Deputy Cooper tried to get Wikle to put his hands behind his back, Wikle

---

[1] Wikle did not know the woman or her daughter.

"pulled away" and turned towards Deputy Cooper, which Deputy Cooper interpreted to be an "aggressive move." *Id.* at 9. Deputy Cooper then "took [Wikle] to the ground physically" and "wrestled with him on the ground for a minute or so to get him into [hand]cuffs." *Id.* at 8. Deputy Cooper never got Wikle in handcuffs, but the situation deescalated quickly. At some point, Deputy Cooper helped Wikle sit down in a chair, and they discussed the events that led up to Wikle's call to the Sheriff's Department. Deputy Cooper did not arrest Wikle at that time.

[4] A few weeks later, the State charged Wikle with resisting law enforcement, as a Class A misdemeanor. Following a bench trial in June 2017, the trial court entered judgment of conviction, but imposed no sentence. This appeal ensued.

## Discussion and Decision

[5] Wikle contends that the State presented insufficient evidence to support his conviction. Our standard of review on a claim of insufficient evidence is well settled:

> For a sufficiency of the evidence claim, we look only at the probative evidence and reasonable inferences supporting the [judgment]. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh the evidence. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

*Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017).

[6]     To prove resisting law enforcement, as a Class A misdemeanor, the State was required to show that Wikle knowingly or intentionally forcibly resisted, obstructed, or interfered with a law enforcement officer while the law enforcement officer was lawfully engaged in the execution of the officer's duties. *See* Ind. Code § 35-44.1-3-1(a)(1) (2015). On appeal, Wikle first contends that the State did not prove that he acted knowingly or intentionally. In particular, Wikle asserts that he had been "knocked unconscious" by the woman's boyfriend before Deputy Cooper arrived, so, he maintains,

> it is possible that[,] when pulling away and turning toward Deputy Cooper, Wikle was not acting either with a conscious objective to resist, obstruct, or interfere with Deputy Cooper, or an awareness of a high probability that he was doing so. He may have been confused from his head injuries, and not realizing [sic] that his actions could hamper the activities of the law enforcement officer that he had requested.

Appellant's Br. at 15. But Wikle's contentions amount to a request that we reweigh the evidence, which we cannot do. It was within the trial court's discretion as factfinder to determine whether Wikle's actions were knowing and intentional despite his injuries.

[7]     Wikle next contends that the State did not prove that he forcibly resisted Deputy Cooper. In particular, Wikle states that "nothing about Deputy Cooper's testimony leads to a conclusion that Wikle did these acts in a forceful manner." *Id.* at 14. We cannot agree.

[8] In *Walker v. State*, 998 N.E.2d 724, 726-27 (Ind. 2013), our Supreme Court explained as follows:

> the word "forcibly" is an essential element of the crime and modifies the entire string of verbs—resists, obstructs, or interferes—such that the State must show forcible resistance, forcible obstruction, or forcible interference. [*Spangler v. State*,] 607 N.E.2d 720, 722-23 (Ind. 1993). We also held [in *Spangler*] that the word meant "something more than mere action." *Id.* at 724. "[O]ne 'forcibly resists' law enforcement when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." *Id.* at 723. "[A]ny action to resist must be done with force in order to violate this statute. It is error as a matter of law to conclude that 'forcibly resists' includes all actions that are not passive." *Id.* at 724.
>
> But even so, "the statute does not demand complete passivity." *K.W. v. State*, 984 N.E.2d 610, 612 (Ind. 2013). In *Graham v. State*, we clarified that "[t]he force involved need not rise to the level of mayhem." 903 N.E.2d 963, 965 (Ind. 2009). In fact, *even a very "modest level of resistance" might support the offense*. *Id.* at 966 ("even 'stiffening' of one's arms when an officer grabs hold to position them for cuffing would suffice").

(Emphasis added.)

[9] Here, again, Deputy Cooper testified that when he tried to place handcuffs on Wikle, Wikle pulled away from him, made an "aggressive move" towards him, and "wrestled" on the ground with him for approximately one minute. Tr. at 8-9. We hold that Deputy Cooper's testimony is sufficient to prove that Wikle refused to be detained and forcibly resisted him. *See, e.g.*, *Johnson v. State*, 833 N.E.2d 516, 517 (Ind. Ct. App. 2005) (holding evidence sufficient to support

resisting law enforcement conviction where defendant pushed away officers "with his shoulders" when officers tried to grab him and then "stiffened up" to resist officers' attempts to get him inside a police vehicle). The State presented sufficient evidence to support Wikle's resisting law enforcement conviction.

Affirmed.

Robb, J., and Altice, J., concur.